# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| STEPHANIE C. MOHR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:10-1365 |
| | ) | |
| MYRON L. BATTS, | ) | |
| Warden, FPC Alderson, | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On December 8, 2010, Petitioner,[1] by counsel, filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[2] (Document No. 1.) Petitioner alleges that the BOP is improperly denying her twelve months placement in a Residential Re-Entry Center [RRC]. (Id.) First, Petitioner alleges that the BOP violated the Second Chance Act by failing to engage in an individualized determination by applying the five statutory factors. (Id., pp. 9 - 10.) Petitioner complains that there is "no evidence that [the BOP] actually applied these five factors." (Id.) Petitioner explains that the BOP "simply issued Ms. Mohr a boilerplate response granting her the standard 150-180 days of RRC placement, thereby violating her right to procedural due process."

---

[1] On August 15, 2001, Petitioner was convicted in the United States District Court for the District of Maryland for Deprivation of Rights Under Color of Law in violation of 18 U.S.C. § 242. *United States v. Mohr*, Case No. 8:00-cr-00453 (D.Md. Dec. 10, 2001), Document No. 128. On December 10, 2001, the District Court sentenced Petitioner to a 120-month term of imprisonment, to be followed by a two year term of supervised release. *Id.*, Document No. 147. On February 3, 2003, the Fourth Circuit Court of Appeals affirmed Petitioner's sentence and conviction. *United States v. Mohr*, 318 F.3d 613 (4th Cir. 2003).

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner is currently placed at CCM Baltimore.

(Id.) Petitioner states that "[g]iven BOP's failure to justify its denial of Ms. Mohr's requests, and the multitude of reasons favoring her extended RRC placement, it is reasonable to infer that the BOP determined her placement without conducting an individualized assessment." (Id., p. 10.)

Second, Petitioner alleges "the BOP decision should be vacated because it was made in accordance with Guidelines that effectively capped RRC placement at six months, thereby contravening the purposes of the Second Chance Act." (Id., pp. 10 - 12.) Petitioner asserts that the BOP issued a memorandum dated April 14, 2008, which undermined the "Congressionally driven directives" of the Second Chance Act. (Id., pp. 4 - 5.) Specifically, Petitioner complains the April 14, 2008 Memorandum "contradicted the legislative directive by declaring 'while the act makes inmates eligible for a maximum of 12 months pre-release placement, Bureau experience reflects that inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less. Should staff determine an inmate's pre-release placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager.'" (Id., pp. 5 and 12.) Further, Petitioner states that on "June 24, 2010, the BOP issued Revised Guidance for RRC Placements that provides that 'Regional Director Approval of RRC placements longer than six months is no longer required.'" (Id., 5.) Thus, Petitioner states "[t]his subsequent memorandum strongly suggest that Ms. Mohr's evaluation was subject to the improper - and recently repudiated - limiting instructions contained in the April 14, 2008 guidance." (Id.)

Third, Petitioner claims "the BOP decision should be vacated because it failed to separately consider whether Ms. Mohr was entitled to longer RRC placement under Section 17541." (Id., pp. 12 - 13.) Petitioner states that Section 17541 "requires the BOP to 'provide incentives for prisoner

2

participation in skills development programs.'" (Id., p. 6.) Petitioner contends that an incentive may "include the maximum allowable period in a community confinement facility." (Id.) Petitioner, however, alleges that the BOP has given no indication that they considered her requests under Section 17541 and that the "failure to consider Petitioner's request under § 17541 violates her right to procedural due process." (Id., p. 13.) As relief, Petitioner requests that "the BOP decision to place Ms. Mohr in an RRC for 150 to 180 days should be vacated, and Ms. Mohr should be granted an RRC placement of 270 to 365 days." (Id., p. 15.)

In support of her Petition, Petitioner attaches the following Exhibits: (1) A copy of the BOP's "Memorandum for Chief Executive Officers" dated June 24, 2010, regarding the Revised Guidance for Residential Reentry Center Placements (Document No. 1-1.); (2) A copy of the BOP's "Memorandum for Chief Executive Officers" dated April 14, 2008, regarding the Pre-Release Residential Reentry Center Placements Following the Second Chance Act of 2007 (Document No. 1-2.); (3) A copy of Petitioner's Inmate Request to Staff dated February 18, 2010 (Document No. 1-3.); (4) A copy of Petitioner's Request for Administrative Remedy dated March 12, 2010 (Document No. 1-4.); (5) A copy of Warden L. Batts' Response to Administrative Remedy dated March 23, 2010 (Document No. 1-5.); (6) A copy of Petitioner's Regional Administrative Remedy Appeal dated March 26, 2010 (Document No. 1-6.); (7) A copy of Regional Director Eichenlaub's Response dated April 22, 2010, denying Petitioner's appeal (Document No. 1-7.); and (8) A copy of Petitioner's Central Office Administrative Remedy Appeal dated May 4, 2010 (Document No. 1-8.).

By Order entered on March 9, 2011, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of

*Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 4.) On March 28, 2011, Respondent filed her Response to the Order to Show Cause. (Document No. 7.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "The BOP has fulfilled its obligation to review Petitioner for an RRC placement pursuant to the factors in 18 U.S.C. § 3621(b)" (Id., pp. 5 - 10.); (2) The "BOP's Internal Guidance Memos did not control the decision on Petitioner's RRC Placement" (Id., pp. 10 - 12.); and (3) "Petitioner's reliance on 42 U.S.C. § 17541(a) is misplaced" (Id., pp. 12 - 14.).

In support of her Response, Respondent attaches the following Exhibits: (1) The Declaration of Thomas Albright, a Unit Manger at the FPC Alderson (Document No. 7-1.); (2) A copy of Petitioner's "Inmate Activity Record" (Document No. 7-2.); (3) A copy of Petitioner's "Inmate Skills Development Plan" dated February 17, 2010 (Document No. 7-3.); (4) (3) A copy of Petitioner's "Inmate Skills Development Plan Program Review" dated August 11, 2010 (Document No. 7-4.); (5) A copy of Petitioner's "Inmate Skills Development Plan Program Review" dated January 4, 2011 (Document No. 7-5.); (6) A copy of the BOP's "Institutional Referral for RRC Placement" dated January 10, 2011 (Document No. 7-6.); (7) A copy of the BOP's "Memorandum for Chief Executive Officers" dated June 24, 2010, regarding the Revised Guidance for Residential Reentry Center Placements (Document No. 7-7.); and (8) A copy of Delacruz v. Bledsoe, 2010 WL 1791241 (M.D.Pa. Mar. 3, 2010) (Document No. 7-8.).

Petitioner, by counsel, filed her Reply on April 5, 2011. (Document No. 8.) Petitioner states that "Respondent does not refute Petitioner's contention that in denying Ms. Mohr's request for an RRC placement of 270 to 365 days, Respondent was following the erroneous guidance contained in the April 14, 2008 internal BOP RRC Determination Memorandum, a memorandum that has been

held to be inconsistent with the Act, and which has subsequently replaced by a June 24, 2010 Memorandum." (Id., p. 1.) Petitioner argues that "the record makes clear that Respondent was guided in its determination of Petitioner's RRC placement only by the erroneous presumption in the April 14, 2008 Memorandum." (Id., p. 2.) Finally, Petitioner asserts that "Respondent does not dispute Petitioner's claim that the BOP has failed to act in accordance with Congress' mandate, set forth in 42 U.S.C. § 17541(a)(1), that it create incentives for prisoner participation in skills development programs, such as placing an inmate for 'the maximum allowable period in a community confinement facility." (Id., p. 3.)

## ANALYSIS

1.   **Mootness:**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds her in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's placement in a RRC, the Respondent can no longer provide the requested relief. As relief, Petitioner requested RRC placement of 270 to 365 days. The Bureau of Prisons' Inmate

5

Locator indicates that Petitioner is currently placed at Baltimore CCM and has a projected release date of November 27, 2011. Accordingly, Petitioner's claims are rendered moot by virtue of her RRC placement. Notwithstanding the fact that Petitioner's claims are now moot, the undersigned will briefly consider the merits of her claims.

2.    **Title 18 U.S.C. § 3621:**

Pursuant to Title 18 U.S.C. § 3621, the BOP has authority to designate a prisoner's place of imprisonment. Section 3621(b) provides five factors to be considered by the BOP in determining a prisoner's placement:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence -

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Title 18 U.S.C. § 3624(c) provides that a prisoner may be granted pre-release custody allowing a prisoner to serve a portion of her sentence in the community, such as home confinement, placement in a community correctional facility, or RRC. See 18 U.S.C. § 3624. Section 3624(c)(1) governs pre-release RRC placements. As amend by the Second Chance Act of 2007, Section 3624(c)(1) provides as follows:

The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that

term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The Second Chance Act required that the BOP issue new regulations designed to ensure that RRC placements are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). In compliance with the above, the BOP adopted regulations set forth in 28 C.F.R. § 570.20 - .22. Section 520.21 provides that a prisoner's maximum allowable time in a RRC placement is 12 months. See 28 C.F.R. § 570.21. The regulations, however, do not set any minimum amount of time that a prisoner must spend at a RRC placement. Section 520.22 requires the BOP to make RRC placement decisions "on an individual basis" and to allow placement "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." See 28 C.F.R. § 570.22. The 12-month RRC period is a statutory maximum and it is not mandatory that prisoners receive 12-months in RRC placement. See 18 U.S.C. § 3624(c); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (4th Cir. 2005)(stating that "the BOP may assign a prisoner to [a RRC placement] does not mean that it must").

Based upon a review of the record, the undersigned finds that Petitioner has appropriately been considered for RRC placement pursuant to Section 3621(b). Respondent filed a declaration from Mr. Albright explaining the process used to determine the length of RRC placement. (Document No. 7-1.) Specifically, Mr. Albright states that the Unit Team meets with an inmate during Program Review, which is the process used by the BOP to review inmate progress and to tailor individual programs to meet particular needs of each inmate. (Id., p. 2.) During the Program

7

Review held on February 17, 2010, the Unit Team considered Petitioner for prerelease placement in a RRC. (Id., p. 2.) The Unit Team noted that Petitioner possessed numerous positive factors, such as a college degree; computer skills; a consistent employment history within five years prior to incarceration; a consistent institution work history; financial management skills; a valid driver's license; public transportation skills and access to public transportation; and housing upon release. (Id. and Document No. 7-3.) The Unit Team noted the following negative factors: "post-incarceration employment not secured;" "children under the age of 21;" "does not have health insurance upon release;" conviction involved a crime of violence; and "does not own personal vehicle with appropriate insurance." (Document No. 7-3.) Based upon the criteria set forth in 18 U.S.C. § 3621(b), the Unit Team recommended Petitioner to be placed in a RRC for 150-180 days. (Id.) Specifically, the Unit Team explained as follows:

> Unit Team has determined the recommended placement is of sufficient duration to provide the greatest likelihood of successful reintegration into the community. It has been determined that there are available community corrections in the release area, the nature and circumstances of the offense are eligible for community corrections and they have established residence and community ties. There was no statements on the J&C from the sentencing court regarding RRC placement at the time of sentencing and there was no pertinent policy applied by the Sentencing Commission.

(Id., p. 10.) The Unit Team completed Program Reviews on August 11, 2010 and January 4, 2011, where they continued to recommend a 150-180 day RRC placement. (Document Nos. 7-4 and 7-5.) An "Institutional Referral for RRC Placement" was completed on January 10, 2011, referring Petitioner for a 151-180 day RRC placement and recommending home confinement if bed space was not available. (Document No. 7-6.) Specifically, the referral form stated as follows:

> Ms. Mohr is being referred for a 151-180 day Residential Reentry Center (RRC) placement, pursuant to the Second Chance Act. Unit Team has determined the recommended placement is of sufficient duration to provide the greatest likelihood of successful reintegration into the community. She has established a residence,

maintains community ties, and is considered employable upon release. If bed space is not available please consider for Home Confinement on or after her Home Detention Eligibility date of 5-27-2011.

(Id.) Petitioner, however, argues that Respondent did not consider her specific needs. Although Petitioner disagrees with the outcome, there is no doubt that Petitioner received an individualized assessment for a RRC placement using the factors contained in Section 3621(b). See Syrek v. Phillips, 2008 WL 4335494 (N.D.W.Va. Sep. 17, 2008)(finding that "the BOP must consider the § 3621(b) statutory factors" and "cannot rely upon a categorical formula to determine the length of an inmate's CCC placement"); also see Specter v. Director Federal Bureau of Prisons, 2010 WL 883733, * 5 (D.S.C. Mar. 5, 2010)(slip copy)(stating that "[u]nder these new regulations, an inmate presents a valid claim only if he is denied individual consideration based on § 3621(b) factors"); Garrison v. Stansberry, 2009 WL 1160115 at * 5(finding that "the Court lacks the authority to direct the BOP to consider specific characteristics for each prisoner who is reviewed for RRC placement; the Court is limited to asking whether the BOP used the five factors and cannot engage in a review of the substantive merits or thoroughness of the BOP's analysis"). Therefore, the undersigned finds that the BOP appropriately considered Petitioner for RRC placement pursuant to Section 3621(b).

**3.     BOP's April 14, 2008 Memorandum:**

The Petitioner argues that the BOP applied the policies set forth in its April 14, 2008 Memorandum, which restricts an inmate's RRC placement to less than six months in contravention to the purposes of the Second Chance Act. Petitioner contends that the April 14, 2008 Memorandum improperly caps an inmate's RRC placement at six months because the memorandum provides that "an inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less" and if "staff determine an inmate's pre-release placement may require greater than six

months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager." In Response, Respondent notes that the April 14, 2008 Memorandum was replaced by the June 24, 2010 Memorandum, which does not require the approval of the Regional Director for RRC placements longer than six months. Respondent argues that Petitioner's RRC recommendation was not formally made to the CCM's office until January 10, 2011, which is well after the issuance of June 24, 2010 Memorandum. The Court notes that the Unit Team completed two Program Reviews after the issuance of the June 24, 2010 Memorandum (August 11, 2010 and January 4, 2011) and the Unit Team continued to recommend a 150-180 day RRC placement. (Document Nos. 7-4 and 7-5.) Even assuming the Unit Team applied the policies set forth in the April 14, 2008 Memorandum, the Court finds Petitioner's above argument without merit. One of the purposes of the Second Chance Act is "to assist offenders reentering the community from incarceration to establish a self-sustaining and law abiding life by providing sufficient transitional services for *as short of a period as practicable*, not to exceed one year . . .." 42 U.S.C. § 17501(5)(emphasis added). Furthermore, the Court reiterates that inmates have no statutory or constitutional right to receive 12-months in RRC placement. Based on the foregoing, the Court finds that the BOP's April 14, 2008 Memorandum did not violate the Congressional intent of the Second Chance Act. See Chase v. Berkebile, 2011 WL 3495988 (S.D.W.Va. Aug. 10, 2011)(J. Berger)(*citing* Sacora v. Thomas, 628 F.3d 1059 (9th Cir. 2010)(finding BOP's policy as set forth in the April 14, 2008 Memorandum to be reasonable and facially consistent with 18 U.S.C. § 3624); Vicaretti v. Zielger, 2010 WL 4876608 (N.D.W.Va. Oct. 27, 2010)(finding "nothing fundamentally objectionable about the policies 'provided that each inmate receives the individualized consideration of this RRC placement called for by the Act'")

Crabbe v. Davis, 2010 WL 2998763 (D. Colo. July 9, 2010)(finding that the BOP's April 14, 2008

Memorandum does not conflict with the purposes of the Second Chance Act).

**4.** **Title 42 U.S.C. § 17541(a):**

Finally, Plaintiff argues that she is also entitled to maximum RRC placement pursuant to

Section 17541(a) as an incentive for her participation in the BOP's skills development program.

Title 42 U.S.C. § 17541(a)(2) provides that "[i]ncentives for a prisoner who participates in reentry

and skills development programs which may, at the discretion of the Director, include - - (A) the

maximum allowable period in a community confinement facility . . .". The statutory language,

however, clearly provides that any incentive is at the discretion of the Director. Thus, Section

17541(2)(A) does not entitle inmates to maximum RRC placement upon completion of a program.[3]

See Crim v. Benov, 2011 WL 1636867 (E.D.Cal. Apr. 29, 2011)("[I]t is sufficient for SCA's

purposes that such [skill developing] programs are offered and that participation in and completion

of such programs are factors that will be considered by respondent when Petitioner's individualized

assessment takes place . . . Nor does the Court's reading of § 17541 support Petitioner's view that

it creates a second 12-month RRC placement alternative in addition to the one already contained in

18 U.S.C. § 3624(c)"); Brown v. Rios, 2009 WL 5030768, * 7 (D. Minn. Dec. 14, 2009)(finding that

---

[3] The Court recognizes that one case reached a contrary result. In *Krueger v. Martinez*, 665 F.Supp.2d 477 (M.D.Pa. Sep. 3, 2009), the Middle District of Pennsylvania granted *habeas* relief after the BOP acknowledged that it had not considered Section 17541(a) when conducting petitioner's RRC review. Subsequently, Middle District of Pennsylvania Courts have declined to follow the reasoning of *Krueger*. These Courts explain that "while the Act authorizes 12 month RRC placement by the Bureau of Prisons, it does not mandate them. Instead, the Act expressly and repeatedly emphasizes that the Bureau of Prisons retains full discretion in identifying when and how inmates are placed at RRCs." *Rosario v. Scism*, 2011 WL 398200, * 8 (M.D.Pa. Jan. 20, 2011); *Ramos v. Holt*, 2010 WL 2471707, * 10 (M.D.Pa. May 5, 2010); *McDonald v. Obama*, 2010 WL 1526443, * 7 (Mar. 15, 2010).

Section 17541 "does not require that the BOP make maximum RRC placement an incentive for participating in a reentry program. . . Rather, the Statute merely authorizes the BOP to make maximum RRC placement an incentive, in its own discretion"). A review of the Program Reviews reveal that Petitioner's participation in the skill development programs were considered by the BOP in determining the length of Petitioner's RRC placement. (Document Nos. 7-3, 7-4, and 7-5.) Accordingly, the undersigned concludes that Petitioner's Petition should be dismissed because Section 17541 does not entitle Petitioner to maximum RRC placement.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to counsel of record.

Date: September 13, 2011.

R. Clarke VanDervort
United States Magistrate Judge

13